IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT OLIVER                                                                                    PLAINTIFF

vs.                                                                                    No. 3:04CV38-D-A

LAFAYETTE COUNTY, MISSISSIPPI                                                    DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

In October of 2000, the University of Mississippi received notice from the Federal Aviation Administration (FAA) that it had agreed to provide funding for the University-Oxford Airport Extension Project (the Project), the purpose of which is to extend the existing airport's runway to comply with current FAA standards in accommodating certain jet operations. In conjunction with the airport extension, College Hill Road, a road near the airport, was to be re-routed and partially abandoned.

The local newspaper in Oxford, the Oxford Eagle, published public notices concerning the Project on January 25, 2001, February 2, 2001, and February 9, 2001. Following a request for a public hearing concerning the Project, a public hearing was scheduled for March 14, 2001, and the Oxford Eagle published notices alerting the public of the hearing on February 23, 2001, and March 2, 2001.

Construction on the portion of the Project that entailed the re-routing of College Hill Road

1

began in November of 2001 and was completed on June 13, 2002. Approximately two weeks later, on June 25, 2002, the Plaintiff assumed ownership of a restaurant located on College Hill Road.

On October 17, 2002, the Oxford Eagle published notice of a public hearing to be conducted by the Lafayette County Board of Supervisors concerning the abandonment of a section of College Hill Road which most traffic had been re-routed around by the June 13, 2002, construction. The public hearing was held on November 4, 2002, and no objections or comments were noted. Thus, the Board of Supervisors voted unanimously to abandon the subject section of College Hill Road. A second public hearing concerning the abandonment of the subject section of College Hill Road was held on September 23, 2003; the Oxford Eagle published notice concerning this hearing on September 4, 2003, and September 5, 2003. Following this hearing, on December 8, 2003, the Defendant Lafayette County permanently closed the subject section of College Hill Road and all traffic was re-routed along the new section of the road.

On April 15, 2004, the Plaintiff filed his amended complaint in this matter. In his complaint, the Plaintiff asserts claims under 42 U.S.C. § 1983 and the Mississippi Constitution, alleging that the airport expansion project and re-routing of College Hill Road has caused his property to diminish in value and constitutes an unlawful taking in violation of the United States Constitution and Mississippi Constitution. The Defendant has now moved to dismiss the Plaintiff's claims or, alternatively, for summary judgment.

*B. Summary Judgment Standard*

Because matters outside the pleadings have been presented to the court in conjunction with this motion, the court shall treat the motion as one for summary judgment as provided for in Rules 12(b) and 56 of the Federal Rules of Civil Procedure.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by...affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

## C. Discussion

The Defendant asserts that it is entitled to a dismissal of this action because the Plaintiff has not utilized the available state procedure which enables property owners adversely affected by road construction projects to seek compensation for a diminution in property values occasioned by such

projects.

Both the United States Supreme Court and the Fifth Circuit have held that federal takings claims do not ripen until just compensation is denied; therefore, before a federal case can be maintained, the Plaintiff must first seek compensation through the procedures the state has provided, unless those procedures are unavailable or inadequate. Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195, 105 S.Ct. 3108, 87 L. Ed. 2d 126 (1985); Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 385 (5th Cir. 2001). Thus, it is incumbent upon the Plaintiff in this action to demonstrate that the available state procedure regarding just compensation was utilized and that just compensation was denied, or that the State of Mississippi's procedures for providing compensation are unavailable or inadequate.

The Mississippi Supreme Court, in Runge v. Necaise Constr. Co., Inc., 467 So. 2d 666 (Miss. 1985), held that property owners asserting inverse condemnation claims are to use the following procedure in asserting their claims in the state courts of Mississippi: first, in cases where a county is the responsible authority (as is asserted here), a petition for compensation is to be filed with the county Board of Supervisors pursuant to Section 65-7-61 of the Mississippi Code. Failure to file such a petition, however, is not fatal to a landowner's claim, and such claims can be presented through an action in state circuit court, which is the second and final step in the procedure. Runge, 467 So. 2d 666 at 668-69.

In the case *sub judice*, the Plaintiff makes no credible argument that the State of Mississippi's just compensation procedures are unavailable or inadequate. Regarding those procedures, the Plaintiff did not file a petition for compensation with the Lafayette County Board of Supervisors; he has, however, filed a pending state court action against the University of Mississippi and the State

of Mississippi. As the Fifth Circuit made clear in Vulcan Materials, the requirement for a landowner to exhaust his state court remedies before filing a federal suit cannot be satisfied "by simultaneously bring[ing] federal and state takings claims" as the Plaintiff has done here. Vulcan Materials, 238 F.3d at 385. Instead, the Plaintiff is to first exhaust his state court remedies and then, if additional relief is sought, bring a federal court action. Here the Plaintiff has not properly exhausted his state court remedies and is still involved in state court litigation; thus, this action was filed prematurely and is properly dismissed in accordance with the Fifth Circuit's Vulcan Materials ruling.

Accordingly, there is no genuine issue of material fact and the Defendant is entitled to judgment as a matter of law on the Plaintiff's claims.

A separate order in accordance with this opinion shall issue this day.

This the 13th day of July 2005.

/s/ Glen H. Davidson
Chief Judge